UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-104-H

THIRD STREET SANITATION  PLAINTIFF
CORPORATION

V.

DEFENDANT

LOUISVILLE & JEFFERSON COUNTY
METROPOLITAN SEWER DISTRICT

**MEMORANDUM OPINION AND ORDER**

The instant case stems from a decades old controversy and is the more immediate offshoot of litigation concerning the same facts in Kentucky state courts. Plaintiff, Third Street Sanitation Corporation ("Third Street") brought various federal claims against Louisville & Jefferson County Metropolitan Sewer District ("MSD") alleging that MSD took Third Street's property without just compensation. Third Street asserts that Kentucky courts have failed to provide the remedies to which it is entitled under the United States Constitution.

MSD has moved for summary judgment on the grounds that the Kentucky state trial and appellate courts have already determined the precise factual and legal issues that Third Street now litigates in federal court.

I

The circumstances are these. In the late 1960s, Windsor Investment Company ("Windsor") developed a subdivision in Jefferson County, Kentucky named Windsor Place. At that time MSD did not service the area's sewage. After obtaining the necessary deed restrictions and easements to install and maintain utilities Windsor transferred its interests to its sister

corporation, Third Street. In 1969, to secure financing, Third Street relinquished its ownership rights in the sewage system to Citizens Fidelity Bank and Trust ("Citizens Fidelity").

By 1985, MSD's sewage system had extended to the vicinity of Windsor Place. It obtained several easements from the record title-holder, Citizens Fidelity. One easement covered the property through which MSD intended to connect into Third Street's existing line. The second easement was a temporary easement necessary to complete construction hooking Third Street's line and MSD's line. As a consequence of these easements, MSD was able to bypass Third Street's treatment plant and connect the Windsor Place sewage lines directly to its own. As a result, MSD now treats the sewage for Windsor Place.

This was not easily accomplished. Third Street's former principal, Jack Farley, attempted to physically prevent MSD crews from performing their work. MSD obtained a court order to facilitate connection of the sewage lines. This was the beginning of litigation in state court that was to extend over twenty (20) years. The focus of the litigation concerned whether MSD had committed a taking by diverting the sewage from pipes leading to the Windsor Place sewage treatment plant.

On May 13, 2004, the Jefferson Circuit Court held that Third Street did not hold a compensable interest in the sewage pipes through which MSD had connected. Third Street appealed to the Kentucky Court of Appeals, which affirmed the Circuit Court, holding that Third Street was not entitled to compensation because no taking had occurred. On February 14, 2007, the Kentucky Supreme Court denied Third Street's request for discretionary review.

These rulings did not end the dispute. Exactly one year later, Third Street filed this complaint in federal court, asserting that the procedures and rulings of the Kentucky courts had

violated his federal constitutional rights.

II

In Section III of this Memorandum Opinion, the Court will discuss the application of the Full Faith and Credit Act (the "FFCA"), 28 U.S.C. § 1738. However, there are actually a number of reasons why this claim should be dismissed. The Court will mention several of them here.

When confronted with an alleged governmental taking, a property owner has several avenues of defense. The state courts have procedures for contesting both the actual taking and the amount of compensation, if any, allowed. A property owner may raise federal constitutional issues during these proceedings. A disappointed litigant may even move for a review of federal constitutional issues before the United States Supreme Court. A property owner may elect to file an action in federal court, asserting the same or similar rights under the federal constitution. Both of these avenues are often available, but it is difficult to proceed in both federal and state court. And, there are several reasons why this is so.

First, if the state proceedings extend over a lengthy time, it is quite likely that the statute of limitations for asserting a federal constitutional claim may expire. That appears to be the case here, as the five-year statute of limitations under KRS 413.120(7), applicable to Third Street's § 1983 claim, has long since passed.

Second, as the Court will discuss in the next section, where the state court has decided precisely the same legal and factual issues, any number of legal doctrines and statute provisions may bar utilization of them. This is particularly true here, where the state trial court made

findings of fact which compel certain constitutional conclusions to Third Street's detriment.

Finally, the Kentucky courts have provided Third Street with a constitutionally adequate forum and procedures to assert his claims. There is no reason to suggest that these procedures are constitutionally different. Moreover, it seems quite clear that the Kentucky courts have correctly found that Third Street did not demonstrate a compensable interest under state law. *See Calvert Invest. Inc. v. Louisville and Jefferson County Metro. Sewer District*, 847 F.2d 304 (6th Cir. 1988). Thus, existing legal precedent as well as the prior state court proceedings dictate the same result here.

## III.

To prove any of its claims, Third Street must show an unconstitutional taking. Third Street's complaint states that "[MSD]'s refusal to pay just compensation for *the taking of Plaintiff's property* as to other entities similarly situated deprives Plaintiff of equal protection of laws" Compl. 5 (emphasis added), that "[MSD]'s refusal to pay just compensation and otherwise follow applicable statutory mandates was in retaliation for Jack L. Farley's professional allegiances." *Id.* at 6, and that "[MSD]'s *taking of Plaintiff's property* in a manner set forth herein ... violated Plaintiff's rights to substantive and procedural Due Process guaranteed by the United States Constitution." *Id.* (emphasis added). Having distilled Third Street's claims to their basic element, that an unconstitutional taking of its property occurred, the Court can now address their substance.

The Court begins its analysis by turning to the Full Faith and Credit Act. The FFCA reads in pertinent part "judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in

the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. In this manner, the FFCA addresses concerns over comity and federalism and goes to the core of the judicial process - every dispute needs a final resolution. It prohibits parties from litigating claims and issues already decided by other courts. As the Supreme Court has said, the FFCA "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'" *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336, 125 S.Ct 2491 (2005) (citations omitted). According to the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted).

    A recent decision by the Supreme Court has highlighted the relationship between the FFCA and the Takings Clause of the Fifth Amendment. In *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 125, S.Ct 2491 (2005), the Supreme Court held that despite the ripeness requirements presented by *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 472 U.S. 172, 105 S.Ct. 3108 (1985), the FFCA still applies to claims arising under the Takings Clause. The petitioners in *San Remo* urged the Supreme Court to create an exception to the FFCA in order to allow litigants to ripen their Takings Clause claims in state court and then litigate them in federal court. *San Remo*, 545 U.S. at 327. Otherwise, petitioner's argued, litigants would be forced to argue their federal takings claims in state court. *Id.* The Supreme Court rejected petitioner's arguments saying, "[f]ederal courts ... are not free to disregard 28 U.S.C. § 1783 simply to guarantee that all takings plaintiffs

can have their day in federal court." The Supreme Court held that where issues "actually decided" by the state court are dispositive of federal claims raised under § 1983, the FFCA applies as it would in any other case. *Id.* at 343-44.

The Court will now turn to our case. Both the state trial court and the appellate court "actually decided" that MSD did not take Plaintiff's property. Specifically, both courts both held that Third Street had the same interest before and after the alleged taking. *Commonwealth of Kentucky Court of Appeals Opinion*, 2004-CA-001839-MR, June 23, 2006. Thus no property was taken. This ruling rested upon the fact that Third Street held only "bare legal title" to its sewer system. *See Calvert Invs., Inc. v. Louisville and Jefferson County Metro. Sewer Dist.*, 847 F.2d at 308. Kentucky law, not the Constitution, defines Third Street's property interest in its sewer system. *Id.* at 307 (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Thus Kentucky courts were properly situated to determine Third Street's property rights. Furthermore, to rule on the state law takings claim, it was necessary for the state courts to determine the nature of those property rights both before and after the alleged taking.

Here, the Kentucky state courts "actually decided" an issue of law and fact necessary to the resolution of this case. The Court must give full faith and credit to the Kentucky courts' ruling that Third Street held the same property interest before and after the alleged taking. That ruling is dispositive of Third Street's § 1983 claims here. Because no property was taken, Plaintiff cannot prove its Fifth Amendment claim. Similarly, Third Street cannot prove its Fourteenth Amendment claim, because it cannot claim to have received unequal treatment when compared to any others. Finally, Plaintiff's First Amendment claim fails, because Third Street had the same property interest before and after the alleged taking, which means MSD never

6

denied Third Street compensation on account of Farley's professional allegiances. Rather, Third Street received no compensation, because none was due.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record